Opinion
PETERSEN, P. J.
This is an appeal by the People from the judgment of the justice court dismissing the above-captioned case for lack of jurisdiction based upon a finding that the federal government by Public Law No. 83-280 (67 Stat.588 (Aug. 15, 1953)), and its regulations, had preempted control of eligible Indians fishing on the Hoopa Valley Reservation.
It is conceded by the People that defendant, Kenneth Frank, Jr., was at all relevant times, an Indian of the Hoopa Valley Reservation and that the sturgeon in question was caught on the Hoopa Valley Reservation.
Defendant stands charged with a sale of sturgeon in violation of California Fish and Game Code section 8373, which allegedly occurred on June 2, 1978, at a location in Del Norte County outside of the Hoopa Valley Indian Reservation.
Defendant" concedes that the State of California law prohibits the sale of sturgeon caught in this state, and only permits the sale of imported sturgeon under most strict regulations.
In this case, we are not dealing with a tribal treaty, nor with a sale of sturgeon by an Indian on the reservation.
*Supp.11 The lower court found that the government, by its regulations, had preempted the state law prohibiting the sale of domestic sturgeons.
There are three tests to be applied in order to reach such a decision, they are:
(1) Whether the scheme of federal regulations is so persuasive as to make reasonable the inference that Congress left no room for the states to supplement it.
(2) Whether the federal statutes touch a field in which the federal interest is so dominant that the federal system must be assumed to preclude enforcement of state laws on the same subject.
(3) Whether enforcement of state law presents a serious danger of conflict with the administration of the federal program.
In this matter, the burden is upon the defendant to show that the Congress has given the Secretary of the Interior authority to preempt state laws by a “clear and manifest purpose” to displace state law.
This court is unable to find such a stated purpose in this situation.
The regulations read they are to apply to all Indians entitled to fish on the Klamath River, within the Hoopa Valley Reservation. Neither Congress nor the Secretary of Interior have stated by act or regulation that an Indian may sell sturgeon off the reservation. The State of California has stated that it is against the law for any, and all, persons to sell domestic sturgeon within its jurisdiction.
We concur in the premise that Indian affairs on Indian reservations remain under federal jurisdiction unless Congress clearly intends to transfer jurisdiction to the state; but that outside Indian reservations, jurisdiction lies with the state, unless there is expressed federal law to the contrary.
We find the language in Kake Village v. Egan (1962) 369 U.S. 60 [7 L.Ed.2d 573, 82 S.Ct. 562], and the subsequent case of Mescalero Apache Tribe v. Jones (1973) 411 U.S. 145 [36 L.Ed.2d 114, 93 S.Ct. 1267] very persuasive in deciding the issue presented.
*Supp.12 In the Mescalero Apache case, the Supreme Court of the United States stated: “Absent express Federal Law to the contrary, Indians going beyond reservation boundaries have generally been held subject to nondiscriminatory state law.” The state prohibits sale of domestic sturgeon by all persons and is thus nondiscriminatory.
In the Kake Village case, the same court emphasized that “It has never been doubted that States may punish crimes committed by Indians, even reservation Indians, outside of Indian country.”
This purported sale allegedly took place in Crescent City, and thus was clearly within the jurisdiction of the State of California.
The judgment of dismissal is reversed and the matter is referred to the justice court for further proceedings.
Truitt, J., and Thomas, J., concurred.